IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 12-cv-00999-MSK-CBS

**CHRISTINE WILLIAMS,**

       Plaintiff,

v.

**OWNERS INSURANCE COMPANY,**

       Defendant.

_____

**ORDER DENYING MOTION TO ALTER JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to Ms. Williams' Motion to Alter the Court's March 25, 2014 Opinion and Order (**#58**), Defendant Owners Insurance Company's ("Owners") response (**#59**), and Ms. Williams' reply (**#60**).

Ms. Williams asserted three claims against Owners related to the company's denial of benefits to Ms. Williams under the uninsured/underinsured motorist provision of an auto insurance policy issued to her by Owners. The Court granted summary judgment to Owners, finding that Ms. Williams had failed to produce sufficient competent evidence to establish that Owners acted unreasonably in investigating her claim.

Pursuant to Fed.R.Civ.P. 59(e), Ms. Williams moves for reconsideration of the Court's March 25, 2014 Opinion and Order Granting Summary Judgment ("Order") (**#54**). Specifically, Ms. Williams asserts that Court erred by (i) "improperly appl[ying] the summary judgment standard," (ii) "improperly hold[ing] [Ms. Williams] to the conditions of a void contract provision that is against public policy," and (iii) "allow[ing] [Owners] to filed exhibits and

evidence to their Motion for Summary Judgment untimely, but [] not gran[ting] [Ms. Williams] any extension of time to respond to those exhibits and evidence."

There are three possible situations which warrant reconsideration: (1) an intervening change in controlling law, (2) new evidence which was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Where, as here, a party alleges there was clear error, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position, but it is not appropriate to revisit issues that have already been addressed or for a party to advance arguments that could have been raised previously. *Id.*

The Court has thoroughly reviewed Ms. Williams' Motion. Considering the arguments therein, the Court finds nothing that would warrant reconsideration of the Order's findings and conclusions. The Motion does no more than reassert arguments the Court has already thoroughly addressed and rejected in its prior Order and advance arguments that could have been raised previously.[1] As a result, the Court finds that Ms. Williams' Motion does not present good grounds for reconsideration.

Accordingly, Ms. Williams' Motion to Alter the Court's March 25, 2014 Opinion and Order (#**58**) is **DENIED**.

Dated this 5th day of June, 2014.

---

[1] In regard to Ms. Williams' contention that the Court erred by not giving her adequate opportunity to respond to exhibits submitted by Owners, the instant motions offers no explanation for Ms. Williams' failure to raise this argument previously. On February 12, 2014, the Court ordered Owners to file exhibits referenced it its summary judgment motion, but that were not included in the electronic filing. Owners filed the exhibits on February 14, 2014. The Court issued its Order granting summary judgment to Owners on March 25, 2014. In the intervening five weeks, Ms. Williams neither responded to the newly filed exhibits nor requested any additional time to do so. Further, Ms. Williams does not offer any specific arguments as to how she has been prejudiced by either the submission of the exhibits or her inability to respond.

BY THE COURT:

_____

Marcia S. Krieger
Chief United States District Judge