**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 12-cv-00999-MSK-CBS**

**CHRISTINE WILLIAMS,**

      **Plaintiff,**

**v.**

**OWNERS INSURANCE COMPANY,**

      **Defendant.**

**ORDER IMPOSING COSTS AND FEES**

      **THIS MATTER** comes before the Court pursuant to the Defendant's ("Owners") Motion for Ruling on its Request for Attorneys' Fees and Costs **(# 80)**, Ms. Williams' response **(# 81)**, and Owners' reply **(# 83)**.  In this action, Ms. Williams alleged that Owners, her auto insurer, failed to pay her uninsured/underinsured motorist benefits according to the terms of her policy.  The instant matter arose out of motions by both parties **(# 34, 38)** requesting a hearing to determine the admissibility of opinion testimony proffered by their opponent pursuant to Fed. R. Evid. 702.

      The Court scheduled an evidentiary hearing on that motion, but the hearing was quickly aborted after it became clear that Ms. Williams had not accurately ascertained the opinions that her witness would be offering.  The Court then entertained an oral motion from Owners for the costs and fees it incurred in producing its own witnesses at the hearing and, after hearing from

1

both parties, granted that motion.¹ The Court granted Owners leave to file an affidavit establishing the costs and fees, and Owners did so **(# 47)**, requesting reimbursement for the following items:

> • $9,321.68 in costs for preparation and attendance of Dr. Bain;
>
> • $5,300.00 in costs for preparation and attendance of Dr. Wortzel;
>
> • $3,815.00 in costs for preparation and attendance of Mr. Sands;
>
> • $7,184.59 in attorney fees incurred in preparing for and attending the hearing;
>
> For a grand total of $ 25,621.27.

Ms. Williams filed a response **(# 50)** to the affidavit, arguing that she had not challenged the proffered testimony of Drs. Bain and Wortzel or of Mr. Sands, such that their appearance at the Rule 702 hearing was not necessary. She also objected to the invoices that Owners had presented as being "hearsay," without further explanation. She also offered a single-sentence objection to that portion of Owners' affidavit that asserted that the amounts billed by each of the experts was reasonable, arguing that this conclusion was "lacking the proper foundation." Owners filed a reply.

Due to an administrative oversight, the Court did not immediately take up the issue.² Meanwhile, the Court granted summary judgment to Owners on Ms. Williams' claims, and that ruling was affirmed on appeal by the 10th Circuit. Owners then filed the instant motion **(# 80)**,

---

¹ Because the sanction arises from Ms. Williams' counsel's failure to adequately prepare for the Rule 702 hearing, the sanction is properly imposed on Mr. Fischel, Ms. Williams' counsel.

² To the extent that an explanation is helpful, the Court's electronic recordkeeping system tracks the pendency of outstanding docket entries that are denominated as motions, but does not have an equivalent method of tracking matters that are presented in non-motion form (*e.g.* orally or via affidavits). Once the Court lost track of the fact that Owners' request was outstanding, nothing in the Court's electronic record identified it as an outstanding matter.

seeking a ruling on its costs and fee request.  Ms. Williams opposed that motion, arguing that Clerk of the Court had subsequently taxed costs against Ms. Williams incident to the entry of judgment against her, and that this taxation of costs incorporated any claims that Owners might have had relating to the Rule 702 hearing.  Ms. Williams also argued that Owners' motion was now so delayed from the original hearing as to be untimely.  In the alternative, Ms. Williams requested leave to file a sur-reply, arguing that Owners' original reply in support of its request raised new issues that Ms. Williams had not had an opportunity to address.  (She did not tender a proposed sur-reply brief, along with her response, however.)

The Court quickly disposes of many of Ms. Williams' arguments.  Although Owners' Bill of Costs sought reimbursement for "Defendant's Expert Costs," including some $11,000 for Dr. Wortzel and $8,000 for Mr. Sands, the Clerk of the Court refused to tax those items, finding that "Expert witness fees are not recoverable under [28 U.S.C.] § 1920."  (The Clerk did award the $40 witness fees for each of the witnesses at the Rule 702 hearing, but the Court does not understand Owners' current motion to include those sums.)  The types of costs available under § 1920 as a matter of course to prevailing parties are much narrower than the types of costs that the Court can allocate as part of a sanction against counsel for unpreparedness.  Thus, the Clerk's (correct) decision that Owners could not recover the experts' costs pursuant to 28 U.S.C. § 1920 is irrelevant to the question of whether Owners is properly awarded those costs by the Court as a sanction for Ms. Williams' unpreparedness at the Rule 702 hearing.

The Court also rejects Ms. Williams' argument that Owners' motion is untimely. Although one might criticize Owners for not alerting the Court to the pendency of the request for costs and fees earlier – *e.g.* during the life of the litigation or shortly after entry of judgment, rather than awaiting the outcome of an appeal that would not have affected the question of fees

and costs in any event – the primary fault for the delay must rest with the Court. In addition, Ms. Williams has not identified any particular prejudice that inured to her because of the delay. The Court notes that Owners has not requested an additional award of interest on the sums it seeks nor otherwise sought recompense for the lost time value of money.

The Court also rejects Ms. Williams' request for leave to file a sur-reply. The pertinent portion of Owners' reply responded directly to Ms. Williams' argument that the named experts were "unnecessary" to have present at the hearing, with Owners explaining the reasons why it felt the need to have the witnesses present. This is directly responsive to the issues raised by Ms. Williams and does not introduce new or collateral topics for which a sur-reply would be appropriate.

That leaves the Court to evaluate Owners' request as initially-presented. Ms. Williams raised three substantive objections: (i) that the named experts were not necessary for the scheduled Rule 702 hearing; (ii) that the experts' invoices constitute hearsay; and (iii) that Owners' affidavit attesting to the reasonableness of the costs claimed is without adequate foundation. The Court rejects each argument.

Owners indicates that each of the experts at issue were present at the hearing in anticipation of challenging the methodologies used by Ms. Williams' experts in formulating their opinions, which were the subject of the hearing. It is entirely appropriate -- indeed, most often is necessary that a party challenging opinion testimony as to the reliability of the methodology used to formulate the opinion to tender another expert to establish that the methodology that was used was unreliable, and to explicate a reliable methodology according to standards or practices in the field of expertise. (Put differently, because the Rule 702 hearing is an evidentiary hearing and the determination of the reliability of a methodology is by a preponderance of the evidence, it is

difficult to establish that the methodology used is not reliable without a witness to say so. Rarely, on cross-examination will the proffered expert admit that the methodology he/she used is not reliable, and counsel's argument to that effect does not constitute evidence that rebuts the witness' testimony.)  Thus, it was reasonable for Owners to have its own experts present to testify about the methodologies used by Ms. Williams' proffered experts.

       The Court also rejects Ms. Williams' argument that the experts' invoices, tendered by Owners as proof of the costs it incurred in having each expert present, are inadmissible hearsay. Assuming (without necessarily finding) that a hearsay objection is appropriate in these circumstances, the invoices are not hearsay because they are not being offered for the truth of the matters contained therein.  For example, Dr. Wortzel's invoice reports that Dr. Wortzel spent 1.5 hours on December 10, 2013 on the tasks of "record review" and "meeting/hearing preparation." Owners does not offer the invoice to prove that Dr. Wortzel spent the indicated number of hours on the indicated tasks on the indicated date, nor does Owners' entitlement to reimbursement turn on whether Dr. Wortzel's invoice is correct.  Rather, Owners offers the invoice for the more prosaic proposition that "Dr. Wortzel billed Owners $5,300 for services" (and, presumably, that Owners paid it).  The Court's sanction in favor of Owners is a restitutionary one, and if Dr. Wortzel's itemization of his time or activities is incorrect in some respect, it does not change the fact that Owners ultimately paid that (incorrect) invoice and deserves to be reimbursed in that amount.  Thus, the Court finds that the experts' invoices are not offered for the truth of the matters asserted in them and they are not hearsay.

       That leads, somewhat obliquely, to Ms. Williams' final challenge: that Owners has failed to establish a sufficient foundation for its assertion that the amounts billed by the experts are reasonable.  Notably, Ms. Williams has not submitted her own evidence – *e.g.* an opinion of an

expert in such matters – to establish that the amounts claimed by Owners are <u>un</u>reasonable under the circumstances.  Instead, her challenge is that Owners has not set forth a sufficient justification for its opinion that the charges reflected in the invoices were reasonable.  Viewed strictly from a foundational standpoint, the Court finds Owners' proffer sufficient.  Owners relied on the affidavit of its counsel Amanda Burke.  Ms. Burke stated that she had been an attorney admitted in Colorado for approximately seven years at the time of her affidavit, that she had been employed by her current firm for more than five years, that her practice focused on matters involving bodily injury and insurance claims, and that she had handled at least five jury trials and one arbitration.  She stated that she had personally conducted pre-hearing preparation sessions with each of the experts, and the Court notes that all three experts' invoices claim time for pre-hearing preparation meetings.  Based on these facts, Ms. Burke opines that both the hourly rates claimed by the experts and the number of hours claimed by them for preparation for and attendance at the hearing are reasonable.

 Ms. Williams' opposition does not elaborate on what particular foundational defects she believes infect Ms. Burke's affidavit, leaving this Court with little to adjudicate.  Although reasonable people might disagree over how much experience an attorney must have before that attorney can reliably opine as to the reasonableness of an expert's hourly rates and hours spent, the Court is satisfied that Ms. Burke's more than five years of litigation experience, focusing on the particular issues in cases like this one, arguably qualify her to render at least a *prima facie* opinion on reasonableness in these circumstances.  Even assuming her experience is limited to the five jury trials and one arbitration she references (that is, assuming that she did not work with experts on any other cases that did <u>not</u> proceed to a trial or hearing), Ms. Burke likely has at least six sets of data points against which to evaluate the hourly rates and hours claimed by the experts

in <u>this</u> case. Although this might not make Ms. Burke's opinion particularly <u>persuasive</u> relative to contrary evidence, Ms. Williams has not presented any evidence to the contrary. Thus, the Court finds that Owners has carried its burden of showing the reasonableness of the hours and rates claimed by its experts.

There being no other challenge by Ms. Williams to Owners' computation of costs and fees, the Court approves that request. Consonant with the Court's oral imposition of sanctions, Mr. Fischel shall remit payment to Owners, in the amount of $ 25,621.27 within 30 days of the date of this Order.

Dated this 27th day of January, 2016.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge